957 F.2d 912
 294 U.S.App.D.C. 163
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Walter L. BISHOP, Appellant.
 No. 91-3205.
 United States Court of Appeals, District of Columbia Circuit.
 March 12, 1992.
 
 Before WALD, SENTELLE and KAREN LeCRAFT HENDERSON, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case was considered on the record from the District Court and on the briefs and oral argument of counsel. The Court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.R. 14(c).
 
 
 2
 Bishop appeals his conviction for possession with intent to distribute five or more grams of cocaine. He contends that the trial court erred when it denied his motion to suppress certain statements and tangible evidence, arguing that the government improperly relied on an informant's tip to establish probable cause for his stop and arrest.
 
 
 3
 Whether an informant's tip provides the probable cause for an arrest must be decided by an analysis of the totality of the circumstances. Illinois v. Gates, 462 U.S. 213 (1983). Gates rejected the then-prevailing "two-pronged test" set forth in Aguilar v. Texas, 378 U.S. 108 (1964), and Spinelli v. United States, 393 U.S. 410 (1969). See Massachusetts v. Upton, 466 U.S. 727, 732 (1984). In the totality of the circumstances, the informant's tip here did constitute sufficient probable cause to justify Bishop's stop and arrest. The informant provided accurate information in the past which led to two arrests. An officer testified that he had known the informant for one year, and that the informant had not to his knowledge ever provided false information. Further, informant offered police a wealth of detail about Bishop, his location, and drug-dealing activities, all suggesting first-hand observation. Moreover, police were able to corroborate fully the innocent details of informant's tip, lending weight to his reliability and the basis of his knowledge about the transaction.
 
 
 4
 There is no hard and fast requirement, as appellant apparently suggests, that the informant be proven reliable on more than two previous occasions before tips he provides may be used to justify a stop and arrest. See, e.g., United States v. Harris, 403 U.S. 573 (1971). Nor is it an absolute precondition for probable cause findings that police corroborate more than the innocent details of a tip. See, e.g., Draper v. United States, 358 U.S. 307, 313 (1959). Rather, under Gates, we take a commonsensical, non-technical view of the facts, weighing them in a fluid "probable cause mix." United States v. Laws, 808 F.2d 92, 102 (D.C.Cir.1986). In doing so here, we find that the informant was proven reliable, the basis of his knowledge well-established, and the police corroboration very helpful. It is therefore
 
 
 5
 Ordered and Adjudged that the conviction is affirmed.
 
 
 6
 The Clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing. See D.C.Cir. Rule 15(b)(2).